NOT DESIGNATED FOR PUBLICATION

No. 117,811

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JESSE A. JONES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed September 28, 2018. Sentence vacated and case remanded with directions.

*Clayton J. Perkins*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., GREEN and HILL, JJ.

PER CURIAM:  In January 2017, Jones pleaded guilty to one count of felony possession of methamphetamine and one count of felony criminal possession of a firearm. When he committed those offenses, Jones was on probation for three Sedgwick County cases. The district court assessed Jones' criminal history score as a C based in part on a 2009 conviction for attempted first-degree robbery in Pulaski County, Missouri, which the district court scored as a person felony. The district court sentenced Jones to 30 months' imprisonment for his possession of methamphetamine and eight months'

1

imprisonment for his possession of a firearm, to run concurrently. Jones appeals, challenging only his criminal history score.

Jones' sentence in this case ran consecutive to the sentences in the three Sedgwick County cases, which were imposed upon finding Jones violated his probation by committing the charges in this case. Jones' probation cases were consolidated for purposes of appeal in *State v. Jones*, (No. 117,808, this day decided). Jones agrees that those companion cases, which share the same underlying facts as this one, present the exact same legal issue as does this case.

Jones' sole argument is that the district court illegally sentenced him by misclassifying his 2009 Missouri attempted first-degree robbery conviction as a person felony, although that crime was not comparable to a person offense in Kansas. Jones made that same argument in his companion cases. We agreed with that argument in Jones' companion cases and explained why. We need not repeat that analysis here. Instead, we adopt by reference the holding and rationale of those cases and find the elements of attempt in Missouri are broader than the elements of attempt in Kansas, failing the "identical or narrower" test for comparability required by *State v. Wetrich*, 307 Kan. 552, Syl. ¶ 3, 412 P.3d 984 (2018).

We find it unnecessary to reach Jones' claim that Missouri's crime of first-degree robbery is comparable to the Kansas crime of theft by threat, a nonperson crime. Even if we assume the elements of the two underlying crimes are identical, the difference in the elements of the two States' crimes of attempt is enough to make the two crimes not comparable, as that term is defined in *Wetrich*. The district court thus incorrectly scored Jones' prior Missouri conviction as a person felony, resulting in an incorrect criminal history score and an illegal sentence.

We also find that the decision of the Kansas Supreme Court in *Wetrich* was not a change in the law within the meaning of that phrase in the 2017 amendment to K.S.A. 22-3504(3), which provides: "A sentence is not an 'illegal sentence' because of a change in the law that occurs after the sentence is pronounced." Our reasons for that finding are set forth in Jones' companion cases, as well as in *State v. Smith*, No. 118,042, 2018 WL 4374273, at *7-8 (Kan. App. 2018). Jones must be resentenced with his attempted first-degree robbery conviction from Missouri scored as a nonperson crime.

We vacate Jones' sentence and remand for resentencing with the correct criminal history score.